IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

CHURCH MUTUAL
INSURANCE COMPANY,

                Plaintiff,              OPINION AND ORDER

v.

                                                 19-cv-297-wmc

TRAVELERS CASUALTY
& SURETY COMPANY OF
AMERICA,

                Defendant.
---

In this case, plaintiff Church Mutual Insurance Company ("CMIC") has brought breach of contract, declaratory judgment, and bad faith claims against defendant Travelers Casualty and Surety Company of America ("Travelers"). Defendant has now moved to bifurcate and stay proceedings on plaintiff's bad faith claim. (Dkt. #16.) For the reasons set forth below, the court will deny defendant's motion to stay and reserve on defendant's motion to bifurcate.

BACKGROUND

The present case arises from an underlying dispute (the "Underlying Action") between CMIC and nonparty St. Sava Serbian Orthodox Church ("St. Sava"). According to plaintiff's complaint, CMIC had issued an insurance policy to St. Sava that included an indemnity limit of $12,739,000 for the replacement of its cathedral. When the cathedral was destroyed in a fire, St. Sava allegedly discovered that the actual replacement cost exceeded $60,000,000. St. Sava sued CMIC, arguing that the insurance policy was "woefully inadequate" and bringing claims of negligence, negligent misrepresentation, and

breach of contract. The parties agreed to mediation, and the property damage claim was settled for $6,600,000.

CMIC then sought indemnification under its own insurance contract with Travelers. According to the complaint, Travelers refused at mediation to pay all or even fifty percent of the settlement between CMIC and St. Sava pending a determination of coverage under Travelers' policy with CMIC. Travelers apparently continued to refuse to pay the settlement amount, and CMIC subsequently brought suit in this court, seeking a judgment: (1) declaring "that the Travelers Policy provides coverage to [CMIC] for the claims set forth in the Underlying Action"; (2) finding that "Travelers breached its contract with [CMIC] by failing to pay the full amount due under the policy in settlement of the Underlying Action"; and (3) finding that "Travelers breached its duty of good faith and fair dealing when it failed to fairly and reasonably evaluate the Underlying Action, assess its value, and pay the claim," as well as when it "failed to provide the basis for its inadequate contribution to the settlement at mediation, and failed to advise Church Mutual as to what losses Travelers believed were covered losses, and what losses Travelers believed were uncovered losses, pursuant to the allocation provision of the policy." (Compl. (dkt. #1) 7-9.)

Travelers has now filed the present motion, asking that the court bifurcate plaintiff's declaratory judgment and contract claims from its bad faith claim, and further requesting that the court stay litigation of the bad faith claim until the other claims are resolved.

OPINION

Federal Rule of Civil Procedure 42(b) provides that a court may order a separate

trial on one or more claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Here, defendant contends that case law favors bifurcation of a breach of contract claim with a bad faith claim. (Def.'s Br. (dkt. #17) 4-5.) Pointing to cases from the Federal District Court in the Eastern District of Wisconsin and Wisconsin state courts, defendant argues that courts "routinely" grant bifurcation to allow breach of contract claims to be resolved before bad faith claims.

Wisconsin law does favor the relief that defendant seeks. *See Dahmen v. Am. Family Mutual Ins. Co.*, 247 Wis. 2d 541 (Ct. App. 2001); *Brethorst v. Allstate Property & Casualty Ins. Co.*, 2011 WI 41, 334 Wis. 2d 23 (2011). In *Dahmen*, the Wisconsin Court of Appeals reasoned that bifurcation was appropriate in part due to concerns that plaintiff's bad faith claim would allow for broader discovery than its contract claim and that a single trial on both claims would be likely to confuse the jury. 247 Wis. 2d at 551-52. As defendant itself acknowledges, however, Wisconsin law is not controlling on whether this court should bifurcate or stay litigation on plaintiff's bad faith claim in the instant case. *See Fiserv Sols., Inc. v. Westchester Fire Ins. Co.*, No. 11-C-0603, 2012 WL 2120513, at *1 (E.D. Wis. June 11, 2012). Indeed, in similar cases, this court has generally reserved on the question of bifurcating trial, while denying the defendant's request to stay discovery or summary judgment proceedings. *See, e.g.*, *Beigl v. Transamerica Life Ins. Co.*, No. 09–cv–669–slc, 2010 WL 2196970, at *3 (W.D. Wis. May 28, 2010); *Eide v. Life Ins. Co. of N. Am.*, No. 09-cv-671-slc, 2010 WL 1608658, at *2 (W.D. Wis. April 19, 2010); *Xiong v. State Farm Fire & Cas. Co.*, No. 12-cv-115, 2012 WL 12995657, at *1 (W.D. Wis. 2012);

*Advance Cable Co., LLC v. Cincinnati Ins. Co.*, No. 13-CV-229-WMC, 2013 WL 12234195, at *2 (W.D. Wis. July 26, 2013).

With regard to the question of trial bifurcation in particular, this court has repeatedly expressed sensitivity to concerns of jury confusion and prejudice that could arise in a single trial, but also noted that some or all issues may be resolved at summary judgment, thereby mooting any decision on bifurcation; accordingly, this court typically reserves on motions to bifurcate contract claims from bad faith claims at trial, as it will again here. *See Beigl*, 2010 WL 2196970, at *3; *Eide*, 2010 WL 1608658, at *2; *Xiong*, 2012 WL 12995657, at *1; *Advance Cable*, 2013 WL 12234195, at *2.

With regard to the question of a discovery stay, this court has previously disagreed with *Dahmen*'s "piecemeal approach to discovery." In *Beigl*, this court explained that:

> Given the significant overlap that typically exists in the evidence necessary to answer the question whether the insurer was obligated to pay benefits under a policy and if so, whether it had a reasonable basis for thinking it did not, any prejudice to defendant from having to disclose internal documents from its claim file is outweighed by the time and money saved by allowing discovery on all issues to proceed simultaneously.

*Beigl*, 2010 WL 2196970, at *3. For this same reason, this court finds it appropriate to deny defendant's motion to stay discovery. *See also Eide*, 2010 WL 1608658, at *2; *Xiong*, 2012 WL 12995657, at *1; *Advance Cable*, 2013 WL 12234195, at *2.

In fairness, defendant argues here that bifurcation and a stay are particularly warranted "because there is limited to no overlapping discovery needed between the contracts claims and bad faith claim." (Def.'s Br. (dkt. #17) 5.) Specifically, defendant contends plaintiff's contract claims involve primarily "legal issues" that "will likely be

decided via motions for summary judgment without the need for extensive discovery." (*Id.* at 6.) Not surprisingly, plaintiff disagrees, contending that it will need to take discovery to help clarify disputed terms in the contract, and that such discovery will overlap with key issues related to the bad faith claim. (Pl.'s Opp'n (dkt. #20) 5-6.)

In *Advance Cable*, the court faced a similar dispute, with the defendant arguing that a discovery stay was appropriate because the essential facts underlying the contract claims were known and plaintiffs countering that discovery was needed to clarify terms in the contract and that such discovery overlapped with their bad faith claim. 2013 WL 12234195, at *1-2. In that case, this court concluded that it

> need not resolve this dispute now, nor will it bifurcate or stay the case at this stage. Instead, the court encourages defendant to bring an early motion for summary judgment, consistent with its position that the case can be resolved on the undisputed facts and the plain language of the insurance policy. The court's standard 21-day response date will apply. If plaintiffs feel that more discovery is necessary before the court rules on defendant's summary judgment motion, they may alternatively respond with a Rule 56(f) motion. The court will endeavor to rule on such motions promptly, to minimize the prejudice defendant may suffer from having to complete unnecessary discovery if it proves correct in its reading of the contract terms.

*Id.* at *2. So, too, here.

Defendant additionally argues that a stay and bifurcation will promote judicial economy and efficiency because if plaintiff's contract claim is denied at summary judgment or trial, the bad faith claim will necessarily be resolved as well because "a bad faith claim against an insurer does not lie unless the insurer breached the policy." (Def.'s Br. (dkt. #17) 6-7.) Although defendant is correct that plaintiff's bad faith claim must be denied if

5

no breach of contract is found, defendant's proposed discovery and trial schedule does not promote judicial economy or efficiency. In *Eide* and *Biegl*, as here, this court strongly prefers to permit simultaneous discovery, and then (where appropriate) bifurcate trials such that both claims could be heard by the same jury in the same week. *Beigl*, 2010 WL 2196970, at *3; *Eide*, 2010 WL 1608658, at *2. A stay of discovery would make this trial schedule impossible, not permit the same jury to hear both claims, and prolong the case. Therefore, as in previous cases, this court concludes that judicial economy and efficiency would be better promoted without a stay on discovery.

Finally, defendant argues that a stay and bifurcation would prevent unfair prejudice to Travelers. (Def.'s Br. (dkt. #17) 7.) In particular, Travelers argues that it may be subjected to "unwarranted and unnecessary discovery due to the fact that CM[IC] has not demonstrated its entitlement to the same." (*Id.*) However, as noted above, Travelers is encouraged to bring an early summary judgment motion to minimize any potentially unnecessary discovery. (Indeed, had it done just that at the time it filed the pending motion, Traveler's motion for summary judgment would already be fully briefed and under advisement.) Defendant similarly argues that a joint trial could prejudice Travelers "as it may result in juror confusion since the jury can only find liability on the Bad Faith Claim if it first finds liability on the Contract Claims." (*Id.*) Again, as noted above, this court has been, and is, sensitive to this concern, but feels it better to reserve on this issue until after dispositive motions are submitted and resolved, especially since the alternative is to risk inconsistent verdicts by two different juries.

In sum, following its usual practice, this court will reserve on the question of bifurcating the trial and will deny defendant's motion to stay proceedings on the bad faith claim.

ORDER

IT IS ORDERED that:

1) a ruling on defendant's motion for an order bifurcating plaintiff's breach of contract and bad faith claims (dkt. #16) is RESERVED; and

2) defendant's motion for an order staying proceedings on plaintiff's bad faith claim (dkt. #16) is DENIED.

Entered this 10th day of January, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge